No. 4894.

(Court of Appeal, Parish of Orleans.)

### F. CODMAN FORD vs. ORLEANS ICE MANUFACTURING COMPANY.

Cage, Baldwin & Crabites for plaintiff and appellee.

P. J. Patorno for defendant and appellant.

ST. PAUL, J.—This is a suit for the price of two fire doors erected by plaintiff for defendant. The defense is substantially that the doors do not come up to the requirements of the Fire Prevention Bureau, in consequence of which the insurance companies refuse to make a reduction in their premiums which reduction was the primary object defendant had in view.

The contract is in writing and consists of an offer to erect certain doors and the acceptance of said offer.

The proposed method of erection was submitted to and accepted by defendant. The doors furnished were the same as contracted for, and the manner in which they were erected is not complained of.

The only complaint, therefore, is that the Insurance Companies refused to make the reduction in rates which defendant expected. And the ground on which it is sought to hold plaintiff liable is that, "being made fully acquainted with the reason, purpose and uses for which the said doors were needed, he declared to defendant that he was fully cognizant of the requirements of the Fire Prevention Bureau and its exigencies, and then and there declared to defendant that said doors would be accepted, and guaranteed the acceptance of the same."

We are of opinion that the evidence offered to support this allegation should, when objected to, have been rejected.

Parol evidence is inadmissible to vary the terms or add to the obligation of a written contract.

Nor is the technical law in any way at variance with the methods of prudent persons. It is inconceivable that two business men would deliberately reduce to writing their mutual engagements and make no mention of the principal object of the contract, being as to one of the parties the sole consideration and chief benefit to be derived therefrom, so alleged, and as to the other the main obligation undertaken by him.

Accordingly the very evidence in the case, even if considered, negatives the idea that any such guarantee was asked or given.

There is some conflict of evidence, more apparent than real, but even defendant's own testimony falls very short of its allegations; the most that can be drawn therefrom being that defendant informed plaintiff that the placing of fire doors in their factory was for the purpose of reducing insurance, and plaintiff's solicitor that the doors were to be put in to come under the requirements of the Fire Prevention Bureau, the solicitor volunteering in answer thereto that the doors would meet such requirements.

That is to say, the evidence shows, not that plaintiff undertook to furnish fire doors to comply with the requirements of the Fire Prevention Bureau, but that defendant itself undertook to comply with these requirements by placing fire doors in their factory, and merely purchased from plaintiff fire doors which both parties thought should meet those requirements.

The best proof that it was never contemplated by either party that plaintiff's rights should depend on the approval of the Fire Prevention Bureau, is that the blueprints showing the style of fire door to be furnished and method of erecting same, were submitted to and approved by defendant itself and not the Fire Prevention Bureau, as would undoubtedly have been the case had either party contemplated that the obtaining of such approval by plaintiff was a prerequisite to the acceptance of the doors by defendant.

The fact that plaintiff afterwards sought to obtain the approval of the Insurance companies is fully explained by him and readily understood, but this does not prejudice any of his rights.

The judgment appealed from is correct and it is affirmed.